UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEYAKUMAR NADARAJAH,
Plaintiff,

-v-

THE PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,
Defendant.

26-CV-1841 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Before the Court is Defendant's motion to stay discovery pending resolution of the parties' dispute over whether ERISA governs Plaintiff Jeyakumar Nadarajah's claims. (ECF No. 26 ("Mot.").) For the following reasons, the Court denies the motion. The parties are further directed to prioritize discovery regarding the question of ERISA's applicability to the plan at issue prior to the close of discovery on November 13, 2026 (*see* ECF Nos. 24-25) and are welcome to submit summary judgment motions on that question if they are so inclined.

By way of background, Defendant the Provident Life and Accident Insurance Company ("Provident") argues that, if ERISA does govern this action, discovery will be limited or unnecessary because the Court's review will be mostly confined to the administrative record, though it has discretion to consider extra-record evidence for good cause, and ERISA's applicability would foreclose discovery regarding Nadarajah's state-law claims. (Mot. at 2.) Accordingly, Provident seeks to stay discovery, which is scheduled to be completed by November 13, 2026, until the question of ERISA's applicability is resolved. (*Id.* at 2.) Nadarajah responds that a stay of discovery is inappropriate because "[t]he issue of whether ERISA governs is fact-intensive and itself requires discovery, thus making it inappropriate for early resolution." (ECF No. 27 ("Opp.") at 1.)

Discovery is appropriate on at least the threshold issue of whether ERISA governs this matter. *See, e.g.*, *Kuhbier v. McCartney, Verrino & Rosenberry Vested Producer Plan*, 95 F. Supp. 3d 402, 410 (S.D.N.Y. 2015) (observing "it may not be possible to determine whether ERISA applies as a matter of law if the documentation before the Court is limited" and collecting cases establishing that discovery on "the narrow of issue of ERISA's applicability to the subject plan or policy" is appropriate in that situation (quotation marks omitted)); *Mullins v. Pfizer, Inc.*, 23 F.3d 663, 666 (2d Cir. 1994) ("At the outset, the district court will have to determine whether ERISA applies to the [plan]. . . . On remand, the district court should allow further discovery to enable the parties to augment the record regarding them."); *McKenney v. Nat'l Rural Letter Carriers Ass'n*, No. 7-CV-584, 2009 WL 902506, at *4 (W.D.N.Y. Apr. 2, 2009) ("[L]imited discovery must take place before this Court can decide whether the employee benefit plan at issue here is governed by ERISA.").

While Provident appears to contend that the documents already in the record establish that ERISA governs because they demonstrate endorsement (Mot. at 3-4), Nadarajah retorts that additional discovery is required to thoroughly resolve the endorsement question—for instance, "(a) all agreements between Provident and Mr. Nadarajah's former employer regarding the disability insurance program, (b) all communications from Mr. Nadarajah's former employer to employees about the disability insurance program, (c) documents regarding the administration of the program, and (d) deposition testimony regarding any potential endorsement of the disability insurance program," (Opp. at 4). The Court agrees with Nadarajah that further discovery is warranted. While the documents referenced by Provident indicate that the plan was likely endorsed by Nadarajah's former employer (Mot. at 3-4), they are not necessarily dispositive. For instance, though the document indicates that Nadarajah's former employer was required to

"sponsor and endorse the voluntary purchase of policies," including through an "employer endorsement letter" (Mot. at 4), Provident does not attach that actual endorsement letter or suggest there is other evidence in the record confirming it was issued. Provident also does not suggest that discovery beyond this document, which was attached to the initial complaint as filed in state court (ECF No. 1-3), has since confirmed endorsement, raising questions about the timing of its motion. Put differently, Provident gives the Court no reason to believe that the necessary additional discovery on this issue has already occurred, such that discovery on other issues (e.g., Nadarajah's state-law claims) ought to be stayed. It appears therefore that discovery continues to be necessary because it may at least be helpful on the question of ERISA's applicability.

In any event, it is premature for this Court to stay discovery until it determines whether ERISA governs in this action because, as Provident concedes, "the ERISA issue warrants full briefing." (Mot. at 3.) The Court declines to *sua sponte* determine the question of ERISA's applicability absent full briefing on this question. Provident is welcome to file a motion for partial summary judgment on the question of ERISA's applicability if it believes that "the record contains the undisputed terms of a disputed plan," which would allow the Court to "decide the applicability of ERISA as a matter of law." *Foster v. Bell Atl. Tricon Leasing Corp.*, No. 93-CV-4527, 1994 WL 150830, at *1 (S.D.N.Y. Apr. 20, 1994). Similarly, Nadarajah is welcome to oppose that motion, including on the ground that "the determination of whether ERISA applies is a fact-intensive inquiry that depends on discovery that has not yet occurred." (Opp. at 3.) But the Court will not stay discovery on the theory that it will resolve this question when, other than a *sua sponte* undertaking, it has no vehicle to do so.

For the foregoing reasons, Provident's motion to stay discovery is DENIED. The Clerk of Court is directed to close the motion at Docket Number 26.

SO ORDERED.

Dated: October 21, 2026
New York, New York

J. PAUL OETKEN
United States District Judge